Argued and submitted February 12, reversed March 9, 1988

In the Matter of the Marriage of

HAMILTON,
*Petitioner,*

*and*

HAMILTON,
*Respondent.*

STATE ex rel HAMILTON,
*Respondent,*

*v.*

HAMILTON,
*Appellant.*

(D86-0794; CA A44756)

750 P2d 1170

James R. Cartwright, Portland, argued the cause and filed the brief for petitioner/appellant.

No appearance for respondent.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Mother appeals from an order finding her in civil contempt for wilfully violating paragraph 2(g) of the order awarding her custody of the parties' child and providing for visitation. The paragraph provides:

"[Mother] and [father] shall equally share transportation expenses of the minor child for the above-referenced visitation."

Father was entitled to visitation from December 24 through December 26, 1986. The child had had her fifth birthday on December 10. Father demanded that mother place the child on a commercial airline flight from Tampa, Florida, where the child resided with mother, to Portland, with a stopover in Atlanta. Mother agreed to send the child to Portland but insisted that she be accompanied by an adult during the flight. Mother expressed concern about the child's welfare and safety during the trip, particularly because it was the holiday season. Father refused to accede to mother's insistence. He then initiated this contempt proceeding. The trial court, after holding mother in wilful contempt, ordered that imposition of sentence be suspended, placed her on probation for one year, ordered her to pay father $250 as attorney fees and further ordered that

"[c]ommencing April 1, 1987 and until April 1, 1988, [mother] shall be responsible for the costs of providing a chaperone to accompany the minor child of the parties when she flies from Tampa * * * to Portland * * * to visit with [father] during his periods of visitation * * *."

With respect to the finding of wilful contempt, mother argues that there was no evidence of wilfulness. She points to the trial court's words:

"I'm not at all that convinced that it's a great idea to put a five-year-old child on an airplane. I know the airlines can assure you until you are blue in the face, or they are, that the child is well cared for and protected, but I'm not convinced that it's such a good idea to send a five-year-old child alone on an airplane, especially now with all the horror stories you hear about deregulation and what happens with airlines and all that sort of thing.

"* * * * *

"First of all, absent some assurance that—and I haven't

heard it yet—the child would be well cared for, at this stage I need to think about the child and I think there are lingering doubts about the advisability of a five-year-old child being sent unattended clear across the United States with a stop, apparently, in the middle—even if it is a through flight—on an airline without a custodian other than a stewardess or steward or whoever it may be."

It is apparent from those passages that the trial court believed that an adult escort, if not an absolute necessity, was a reasonable protection for the child. To be sure, the judge also said:

"If it will make the mother feel any better, if this was my child, I'd be reluctant to have her fly back and forth across the United States at five years of age, too.

"That's not the problem. The problem is that nobody anticipated this in advance and it wasn't hammered out in the agreement."

Mother interpreted paragraph 2(g) to require that the parties share all *necessary* costs of transporting the child for visitation, and she argues that the expense of an adult escort should be included in "transportation expenses" in the circumstances. Mother was amenable to sending the child to Portland with an adult escort, and she recognized her liability for sharing that additional expense. The fact that no such provision was expressly included in the custody award does not, *ipso facto,* make her interpretation unreasonable or her conduct wilful disobedience of the visitation provisions.[1]

Reversed.

---

[1] The contempt judgment's provisions for attorney fees and the condition relating to future visitation also fall with reversal of the judgment.